## GAFFNEY *vs.* WILLIAMSON'S ADM'R.

1. When a claim against an insolvent estate is filed within six months after the rendition of the decree of insolvency, all objections to its allowance on final settlement must be filed in writing, by the administrator or some creditor, within three months after the expiration of the time allowed for filing claims, or, in other words, within nine months from the date of the decree of insolvency.
2. When a claim is filed in time, but not verified by affidavit, and an objection to it in writing, because it is not so verified, is filed in time, the affidavit may be supplied at any time before, or at the day set for final settlement of the estate·
3. Yet if a claim is filed in time, and not verified by affidavit, and no objection to its allowance is filed in time, then no objection against its allowance can be heard on final settlement, for an insufficient verification by affidavit, the want of an affidavit, or any other cause.
4. The objection that a claim was not filed in time may be raised by the administrator or any creditor, even at the hearing.
5. When a claim against an insolvent estate is filed on the same day on which the decree of insolvency is rendered, the Appellate Court will presume, in the absence of other proof, that it was filed *after* the rendition of the decree.

ERROR to the Court of Probate of Talladega.

The estate of Thomas Williamson, deceased, was declared insolvent, by the Orphans' Court of Talladega, on the 28th

April, 1845. Upon the final settlement of said estate, on the 18th July, 1846, Gaffney, the plaintiff in error, presented for allowance a promissory note, of which the following is a copy :

" On or before the first of March next, we or either of us promise to pay Michael Gaffney, or bearer, the sum of sixteen hundred dollars, for value received. August 25, 1836."

his

(Signed)        THOMAS ✕ WILLIAMSON, [Seal.]

mark.

DANIEL MILLER, [Seal.]

Test: S. WELDS VERNON.

This claim had been prepared for presentation to the administrator, in the following manner : A literal copy of the note, with the names of the makers and the attesting witness, had been made out in writing ; beneath this was an affidavit, purporting to have been made by the payee, M. Gaffney, of which the following is a copy :

" South Carolina,    }    Personally appeared before me Michael Gaffney, and makes oath that the Spartanburg District. estate of Thomas Williamson, deceased, is justly indebted to him in the sum of sixteen hundred dollars, with interest from the first day of March, A. D. 1837, as will be seen by the above copy note, and that no part of the same has been paid, and that he doth not in any wise stand indebted to the said Thomas Williamson's estate.

" MICHAEL GAFFNEY."

Sworn to before me, Sept. 27, 1842,

H. G. GAFFNEY, (Mag.)"

To this is subjoined a certificate under the seal of the court, by Joshua Tapp, who describes himself as clerk of the Court of Sessions and Common Pleas, for Spartanburg District, that H. G. Gaffney, before whom said affidavit was made, was an acting magistrate for said District at the date of said attestation, that his signature to the same is genuine, and that his official acts are entitled to credit. This certificate is dated September 28, 1842.

The official character of this clerk is next attested, by the certificate of B. J. Earle, as presiding judge of said court. Upon the whole is written the following memorandum, by the clerk of the Orphans' Court of Talladega: "Left on file in

my office, 28th April, 1845. A. J. Cotten, clerk." On the original note was also written the same memorandum : "Left on file in my office, 28th April, 1845. A. J. Cotten, clerk."

On the 18th July, 1846, objections in writing were filed to the allowance of this claim : 1. That it was not filed within six months after said estate was decreed insolvent; 2. That it was not properly verified by the affidavit of the claimant or any other person. A trial was had before the Orphans' Court on these objections, on the 18th July, 1846, and the claim was rejected. This decree was afterwards reversed by the Supreme Court. See 12 Ala., 628.

At a day subsequently set, viz : February 16th, 1850, for the final settlement of said estate, before the Court of Probate of Talladega, the same note, with the same affidavit appended, was again offered for allowance, and the administrator again made several objections to it. These objections amount in substance to but two : that the claim was not properly veri-fied by affidavit, and that it was not just. Gaffney's counsel, in the language of the record, " asked the court to reject said objections, and to allow said claim, on the ground that said objections were not filed within the proper time ; and the court overruled said motion." The objections were then considered, and the claim was rejected, as not being sustained by proper or legal proof. The decision of the questions involved in the contest was, by consent, submitted to the judge alone, without the intervention of a jury.

The errors assigned are :

1. The rejection of the claim by the court ;

2. The refusal of the court to reject the objections, as not being filed within three months after the claim was filed ;

3. The record shows that the original note was offered, which was, of itself, sufficient "proper and legal evidence" of the claim ;

4. The judgment shows that it was rendered upon a ground which could not have been involved in any issue on the objections filed by the administrator.

J. T. MORGAN and WOODWARD, for plaintiff in error :

1. In Gaffney v. Williamson, 12 Ala., 628, it was decided that this claim was properly filed ; and the same objections

were made then as are now made to its allowance. If the objections then made were good, the case should not and would not have been reversed.

2. The case of Hollinger v. Holley, 8 Ala., 454, settles, that the objection to the allowance of the claim must be made in the time and in the mode specified in the act of 1843. If not so made, the claimant is under no compulsion to make an affidavit; it is waived, by the omission to take exception to it. No objection was made in this case within nine months after the estate was declared insolvent. Hogan v. Calvert's Adm'r, and Bartol v. Calvert's Adm'r, at the present term.

3. Brown v. Easly, 10 Ala., 566, is conclusive of this whole case. It shows that an affidavit to the claim is only necessary upon an objection being made within the time prescribed by law.

4. The affidavit is not required in order to prove the claim, but as a test of its justness. The note in this case proves itself, just as if it were sued upon; for the proceeding in cases of contested claims against insolvent estates is assimilated to a suit upon the demand, and must be followed by all the consequences of a suit directly upon the note. Holman's Heirs v. Bank of Norfolk, 12 Ala., 369.

S. F. RICE, *contra:*

The act of 1843 provides, that "every person having any claim against such insolvent estate, shall file the same in the clerk's office of the said court within six months after such estate is declared insolvent; and every such claim shall be verified by the affidavit of the claimant.   *   *   *   *   *   And if no opposition shall be made to the allowance of such claim, in the manner hereinafter provided, within nine months after the time when the said estate was declared insolvent, such claim shall be admitted and allowed as a good and valid claim against the said estate without further proof." Clay's Dig., 194, § 10.

This statute does not require any court of justice to decide that a claim, which is not proved to have been filed after the decree of insolvency, shall be allowed without affidavit or proof. The endorsement of the clerk on the claim in this case, "left on file," is strong *prima facie* evidence that the

leaving it on file was an act occurring before the decree of insolvency. There was no proof that it was filed "after" the decree of insolvency; and therefore, the court did right to reject it, because it never was filed as the statute required, that is, "after" the decree.

Filing a claim before the decree is not authorized by the act of 1843; and therefore, such filing does not *per se* comply with the statute as to filing. Under the proof, as now presented, no court can say that the claim was filed "after the decree." It is barred, because not filed after decree. But even if the claim can be considered as filed after the decree, still it was rightfully rejected.

Exceptions to claims filed under the act of 1843 divide themselves into two classes: 1st. As to the nature of the affirmatory affidavit; 2d. As to all matters of defence to the claim as asserted. The affidavit entitles the claim to be allowed (if filed after the decree,) without further proof, unless an exception is taken within the nine months. But the mere filing of the claim, without an affidavit, has not such an effect. It is the affidavit, in connexion with a filing after the decree, that dispenses with further proof. Cook v. Davis, 12 Ala., 551–554.

When the affidavit is not made as the statute requires, the claim cannot be allowed without further proof. McLaughlin v. Nelms, 9 Ala., 930, next to last paragraph of the opinion. The statute never intended to allow claims against estates, without affidavit and without proof. The pretended affidavit in this case is a nullity. There was no proof of the official character of the pretended South Carolina magistrate; nor of his authority to administer an oath. Chandler v. Hudson, 8 Ala., 366; Fellows v. Miller, 8 Blackf. Rep., 232.

The bill of exceptions does not profess to set forth all the evidence adduced below. The judgment entry and the bill of exceptions are reconcilable, and they show that the court heard the evidence adduced by both parties; that not only evidence as to the filing and affidavit was adduced, but also as to the justice of the claim. The party excepting does not even profess to set out all the evidence; therefore, all intendments must be made in favor of the court below. And as the matter was submitted to the court as a jury, and all pro-

per pleadings dispensed with, it must be intended that all proper proof was made, to convince the court below that the claim was not a just, nor a subsisting debt against the estate.

The motion of Gaffney to reject the objections was properly overruled for the reasons above given, and for the additional reason that such objections ought not to be disposed of in that mode; that is, by motion to reject. Such objections ought to be heard and considered in a different mode. It is important to notice that the only evidence set out in the bill of exceptions relates to Gaffney's motion to reject the objections of the administrator. The evidence as to the justice of the claim, or its injustice, is not pretended to be set out.

PHELAN, J.—Where claims against an insolvent estate are filed within six months from the time when the estate was declared insolvent, all objections to the allowance of such claims on final settlement must be filed in writing, by some creditor or the administrator *de bonis non*, within three months after the expiration of the time allowed for filing claims, or, in other words, within nine months from the date of the decree of insolvency. Hogan v. Calvert's Adm'r, at the present term; 8 Ala., 455; Clay's Dig., 194, §§ 10–11.

If a claim is filed in time, that is, within six months from the decree of insolvency, but is not verified by affidavit; and an objection in writing to such claim, because it is not so verified, is filed in time, that is, within three months after the expiration of the time for filing claims, the affidavit may be supplied at any time before or at the day set for final settlement of the estate. Brown v. Easly, 10 Ala., 566.

Yet, if a claim has been filed in time, but not verified by affidavit, and no objection in writing to such claim is filed within the time allowed for filing objections, that is, three months after the expiration of the time for filing claims, no objection can be heard against the allowance of such claim at the final settlement, for an insufficient verification by affidavit, the want of an affidavit, or any other cause. Hogan v. Calvert's Adm'r, *supra*.

There was no distinct objection at the hearing below, that this claim was not filed in time; that question was doubtless considered as fully settled by the decision of this court when

it was here before. 12 Ala., 624. The only objections distinctly made at the trial, to the allowance of the claim, related to its justness and its proper verification by affidavit. The record shows that these objections were not filed in writing until long after the expiration of nine months from the date of the decree of insolvency, to-wit: on the 18th of July, 1846 ; and the court decided, against the protest of the claimant, to entertain them, and rejected the claim, on the ground that the same was not sufficiently verified or proved.

In this the court below erred. The claim having been filed in time, and no objection in writing having been filed within the time prescribed by the statute, the Court of Probate should have admitted the claim, without permitting any objection to be heard going to the want of an affidavit, or for an insufficient affidavit, or to the justice of the claim.

If the record is to be construed in any part as presenting the objection that the claim was not filed in time, which may be done on slight ground we admit, since it was competent for the administrator or any creditor to raise this objection even at the hearing ; we do not hesitate to decide, that it appears from the record that this claim was filed in time. The decree of insolvency was rendered on the 28th of April, 1845, and on the same day the claim was filed. Now, in the absence of other proof, we are left to conclude whether it was filed *before* or *after* the decree of insolvency. We cannot hesitate, in such case, to hold that it was filed *after*, since that is to give meaning and force, to what would otherwise be a nugatory and unauthorized act.

For the error in entertaining the objections to this claim on account of the insufficiency of the affidavit, made for the first time after nine months from the decree of insolvency had expired, and rejecting the claim for want of proper proof, the decree of the Court of Probate is reversed, and the cause remanded.