# BARBOUR COUNTY *vs.* HORN.

[ACTION AGAINST COUNTY FOR DAMAGES CAUSED BY FALL FROM PUBLIC
BRIDGE.]

1. *When action lies against county, for damages caused by fall from public bridge.*—To sustain an action against a county, for damages caused by a fall from a public bridge, which had been erected under contract with the court of county commissioners, (Code, § 1203,) the complaint must aver, either that no guaranty was taken, or that the period fixed by the guaranty, if one was taken, had expired before the injury happened: if a guaranty was taken, its insufficiency to afford adequate compensation to persons injured does not render the county liable to an action.

2. *Validity of bond or guaranty of contractor for building public bridge.*—Where a contract for the building of a public bridge is made by the court of county commissioners, and the contractor is required by such court to give a bond or guaranty for the sufficiency of his work, (Code, § 1203,) a bond or guaranty executed by him, in pursuance of such requisition, is not void because taken by the probate judge; nor because it is made payable to the probate judge and his successors in office.

3. *Presentation of claim against county.*—A claim against a county, for damages caused by a fall from a public bridge, must be presented for allowance like other claims, (Code, §§ 775, 2141,) before an action can be maintained on it against the county.

APPEAL from the Circuit Court of Barbour.
Tried before the Hon. J. McCALEB WILEY.

THIS action was brought by W. D. Horn, against the county of Barbour, and was commenced on the 20th February, 1859. The complaint was in the following words :

"Plaintiff claims of the defendant the sum of twenty thousand dollars, for injuries sustained by him on account of the loss of his health, and the permanent use of his limbs, resulting directly and immediately from his fall from a certain bridge across 'Lick creek' in Barbour county; which bridge had been built by contract with the court of county commissioners for said county, over said creek, on the public highway in said county leading from Glenn-

ville to Clayton. Said bridge was built by the order, and under the contract with said commissioners' court; and plaintiff avers, that the only guaranty, by bond or otherwise, required by the said court of the builders of said bridge, that it should continue safe for the passage of travellers and other persons for the time stipulated in said contract, was a bond for the sum of one hundred and thirty-two dollars. Plaintiff avers, that said bridge was defective, unsound, and unsafe; and when thus defective, unsound, and unsafe, and before the expiration of said insufficient guaranty, to-wit, on the 28th October, 1858, while said plaintiff was crossing said bridge in his buggy, drawn by his horse, the said horse become frightened at a hole in said bridge, and, by backing with said buggy, in consequence of said alarm, suddenly, and without any fault on the part of said plaintiff, and without any ability on his part to prevent or avoid its inevitable results, and in consequence of the said defective, unsound, and unsafe condition of said bridge, precipitated said plaintiff, with his said horse and buggy, over and from said bridge, into the stream below; thereby causing said plaintiff serious and permanent bodily harm, and producing such physical disability as greatly to impair his health, and to destroy his power of locomotion, and his ability to work or do any labor, and also greatly damaging the horse and buggy. Plaintiff avers, that he is ready and willing to accept the guaranty of said bond, so far as it goes, towards repairing said damages; but he alleges that said bond is wholly insufficient for said guaranty, and fails, to the amount of —— dollars, to indemnify him for said injuries, and to afford him such remedy and guaranty as the law secures to him in the premises.

"Plaintiff also claims the further sum of twenty thousand dollars, as damages, which he has sustained by the loss of his property, and by reason of injuries inflicted on his person, by being thrown from a public bridge kept up by said county, to-wit, in October, 1858; the said county being bound to keep said bridge in a safe condition for the passage of the public, and, by its failure to do so, is responsible to the plaintiff for the damages which he has sustained

by reason of said neglect; and plaintiff avers, that his account, or claim, for said damages, was regularly presented to the court of county commissioners, for allowance and payment, and that the said court refused to allow or recognize said claim, or any part thereof."

"To this declaration," the bill of exceptions states, "the defendant demurred, on the ground that the county was not liable, because the builder of the bridge had given a guaranty, which had not expired when the plaintiff received the injury; and because the declaration no where avers that a guaranty had not been taken, or that the period of a guaranty had expired. The court overruled the demurrer, and the defendant excepted. The defendant also demurred to each count in the declaration separately, but the court overruled the demurrer, and the defendant excepted."

On the trial, as the bill of exceptions further shows, the plaintiff read in evidence, from the records of the court of county commissioners, all the proceedings relating to the building of said bridge, consisting of the following papers: 1st, the order of the court appointing commissioners to let out the building of the bridge by contract; 2d, the report of the commissioners; 3d, the order in favor of the contractor for the payment of the stipulated price; and, 4th, the bond, or guaranty, executed by the contractor. The order appointing the commissioners was in these words: "Ordered, that Green Beauchamp, W. D. Horn, and Jacob Lowman, be appointed commissioners to contract for the erection of a new bridge over Lick creek, at the Beauchamp camp-ground, requiring the undertaker to enter into bond, with good security, to keep the same in good passable order for six years from the date of its completion." The date of this order is not shown by the record. The commissioners reported, on the 6th December, 1852, that they had let out the contract for the building of the bridge to Hansford Dowling, as the lowest bidder, at the price of sixty-six dollars, and that the bridge had been completed according to the stipulations of the contract; and they therefore recommended that the bridge be received, and that the agreed price be paid to the contractor, " when he executes his bond, with approved security, that said bridge

be kept up for the term of six years." The order for the payment of the money to the contractor is without date, and simply directs that he "be allowed, out of the county treasury, sixty-six dollars, for building a bridge over Lick creek." The contractor's bond, or guaranty, which is in the penal sum of one hundred and thirty-two dollars, and payable to "Wm. R. Cowen, judge of the probate court, and his successors in office," was conditioned as follows : "The condition of the above obligation is such, that, whereas the above-bound Hansford Dowling was the lowest bidder and undertaker for the building of a bridge over Lick creek, at the place known as 'the camp-ground bridge,' for the sum of sixty-six dollars; and whereas the said bridge *having* been completed, in accordance with the specifications agreed on at the time of the letting,—now, if the said Dowling should keep the said bridge in good repair, for the term of six years, then this obligation to be null and void," &c. The record does not show that there was any endorsement on the bond in relation to its acceptance, approval, or filing. The probate judge testified, "that there was no other guaranty in his office than the one above set forth, and no other records in relation to the contract or matters pertaining to the bridge." There was other evidence introduced on the trial, but it all related to the character of the injuries which the plaintiff had received, or to the manner in which the accident happened. The defendant objected to the admission of the records as evidence, and excepted to the overruling of the objections on this point; none of which, however, require special notice.

"The above being all the evidence in the case, the court charged the jury, among other things, that the plaintiff could recover in this action, independently of the remedy given in section 1203 of the Code, provided the evidence showed that the guaranty taken by the court of county commissioners was insufficient to compensate the plaintiff for the damages proved to have been sustained by him, and that the remedy given by said section 1203 was merely cumulative. To this charge the defendant, by its counsel, excepted."

The several rulings of the court on the pleadings and

evidence, and the charges to the jury, to which exceptions were reserved, are now assigned as error.

STONE, CLOPTON & CLANTON, and D. M. SEALS, for the appellant.—1. Counties are made territorial corporations by statute, with governmental powers, and capacity to sue and be sued; but they are not liable to an action at common law.—*Russell v. Men of Devon*, 2 Term Rep. 667; *Ward v. Hartford County*, 12 Conn. 404; *Mower v. Leicester*, 9 Mass. 247. Section 763 of the Code does not specify the cases in which a county may be sued, but leaves that question to be determined by other statutory provisions.

2. Section 1203 of the Code plainly gives an action against the county, for damages caused by the insecurity or insufficiency of a public bridge; but the liability is confined, by implication equally clear, to cases in which no guaranty has been taken, or in which the period fixed by the guaranty has expired. If no guaranty has been taken, or if the period fixed by the guaranty has expired, an action may lie against the county; but, if a guaranty has been taken, and has not expired, its insufficiency gives no action against the county. In taking a guaranty, or in failing to take one, the county commissioners act as a court; and whether their action, or non-action, is based on corrupt or other improper motives on the part of the officers of the court, whatever may be the liability of those officers individually, the county is not responsible.—*Hickok v. Trustees of Plattsburg*, 15 Barbour, 427; *Bailey v. Mayor of New York*, 3 Hill, 531; *Barbour County v. Brunson*, 36 Ala. 362; 26 Ala. 498; 9 Mass. 249.

3. An action can not be maintained against a county, on any kind of claim, until the demand has been presented for allowance to the court of county commissioners, and either disallowed, or reduced and refused.—Code, §§ 775, 2141. The averment in this case, as to the presentation and rejection of the plaintiff's claim, is not sufficient, because the time when it was made was not alleged. *Non constat* that it was made within the time required by law, (Code, § 775,) and was rejected on that account.

RICE, SEMPLE & GOLDTHWAITE, with PUGH & BAKER, con-

*tra.*—1. The general rule is, that the county is liable for all such injuries as were alleged and proved by the plaintiff below.—*Smoot v. Mayor of Wetumpka*, 24 Ala. 112, and cases there cited in brief of appellant's counsel. The remedy against the contractor, given by section 1203 of the Code, is cumulative merely, and does not take away the remedy against the county. The contractor's bond or guaranty, which is usually in the penalty of double the price paid him, must necessarily furnish, in most cases, very inadequate compensation to persons injured ; and if there is no liability on the county in such cases, we have the anomaly in the law of a right without a remedy.

2. If section 1203 was intended to create an exception to the general liability of the county, then it is to be strictly construed, and the particular case must be clearly brought within its provisions. In making a contract for the building of a bridge, and in taking a guaranty from the contractor, the court of county commissioners exercises a special jurisdiction, and all the facts must affirmatively appear on its record.—*Gunn v. Howell*, 27 Ala. 663 ; *Keenan v. Commissioners' Court*, 26 Ala. 568; *Wyatt v. Rambo*, 29 Ala. 510. In requiring a guaranty, fixing its amount, and accepting the guaranty offered, the commissioners act as a court, and exercise judicial (or, at least, *quasi*-judicial) power, which can not be delegated to the probate judge, or to any other person.—*Butler v. Foster*, 14 Ala. 323 ; *Matthews, Finley & Co. v. Sands & Co.*, 29 Ala. 136. In this case, the record fails to show that the guaranty was taken by the court, or that the court fixed its amount, or decided upon its sufficiency, and accepted it ; on the contrary, it shows, by clear implication, that all these things, if done at all, were done by the probate judge. The bond thus failing in all the essential requisites of a statutory guaranty, the case is not brought within the exception, and the right of action against the county is not taken away.

3. The guaranty can not be upheld as a valid common-law bond, because the probate judge had no authority to take it, and no interest or property in it, or in the subject-matter to which it related. "If an affirmative statute, which is introductive of a new law, direct a thing to be

done in a certain manner, that thing shall not be done in any other manner, although there are no negative words." *Calhoun v. Lunsford*, 4 Porter, 345; *Mortimer v. Piggott*, 2 Dowl. Pr. 616; Smith on Statutes, § 667. The distinction is broad, and well recognized, between bonds which are given to parties who have a capacity to take, and bonds which are given to parties who have no such capacity: the former may be good in part, while the latter are wholly void.—*United States v. Bradley*, 10 Peters, 360; *Jackson v. Simonton*, 4 Cranch, C. C. 255; *Slade v. Washburn*, 3 Ired. L. 562. This distinction underlies and reconciles the following decisions of this court: *Jackson v. Governor*, 15 Ala. 703; *Butler v. Foster*, 14 Ala. 323; *VanDyke v. The State*, 24 Ala. 81; *Walker v. Chapman*, 22 Ala. 116; *City Council of Montgomery v. M. & W. Plank-road Company*, 31 Ala. 76; *Matthews, Finley & Co. v. Sands & Co.*, 29 Ala. 136; *Seawell v. Franklin*, 2 Porter, 493; *Butler v. O'Brien*, 5 Ala. 316; *Whitsett v. Womack*, 8 Ala. 466; *Braley v. Clark*, 22 Ala. 361.

4. Even if the bond be held good at common law, it will not bring the case within the statutory exception. As a common-law bond, an action on it could only be maintained in the name of the obligee, or some one of his successors, for the use of the person injured.—*Sprowl v. Lawrence*, 33 Ala. 684. Section 1203 of the Code provides for a suit on the guaranty in the name of the person injured, and, consequently, applies only to bonds or guaranties on which such actions can be maintained.

JUDGE, J.—Section 763 of the Code declares, that "every county which has been, or may be established in this State, is a body corporate, with power to sue and be sued in any court of record."

This section of the Code does not prescribe on what causes of action a county may, or may not be sued; this question is to be determined by other statutes, and settled principles of the law applicable to suits by or against such or similar corporations. The action in the present case, in so far as the right to institute and maintain it is concerned, is governed entirely by statutory enactments, and it is un-

necessary, therefore, to enter into an examinationof the general question; as bearing upon it, however, we cite the following adjudications of this court: *Smoot v. Wetumpka*, 24 Ala. 112; *Gilmer v. City Council of Montgomery*, 33 Ala. 116; *Dargan v. Mayor, &c.*, 31 Ala. 469; *Mayor of Mobile v. Rowland & Co.*, 26 Ala. 498; *Barbour County v. Brunson*, 36 Ala. 362.

Section 1203 is as follows: " When a bridge or causeway has been erected by contract with the county commissioners, with a guaranty, by bond or otherwise, that it shall continue safe for the passage of travellers and other persons for a stipulated time, any person injured in person or property before the expiration of such period, by a defect in such bridge or causeway, may sue in their own name on the bond or other guaranty, and recover damages for the injury; and if no guaranty has been taken, or the period has expired, may sue and recover damages of the county."

It is averred in the first count of the complaint, that the bridge, the unsafe condition of which is in question, was built under a contract with the court of county commissioners; that a guaranty by bond was taken from the builder, in the sum of one hundred and thirty-two dollars, conditioned that the bridge should continue safe for the passage of travellers and other persons for the time stipulated in the contract; that the appellee sustained the injuries sued for by him, before the expiration of the guaranty; and that the bond is wholly insufficient in amount to secure adequate compensation to the plaintiff for the damages sustained by him in consequence of the unsafe condition of the bridge. The second, and only other count, contains no averment whatever in relation to a guaranty. It was assigned as cause of demurrer to the entire complaint, "that the county was not liable, because the builder of the bridge had given a guaranty, which had not expired when plaintiff received the injury; and because the complaint no where avers that a guaranty had not been taken, or that the period of a guaranty had expired."

The demurrer to the complaint involves the necessity of a construction of section 1203 of the Code, before quoted,

9

The language of this section is plain and explicit. Within the letter and meaning of the section, if no guaranty has been taken, or the period of one taken has expired, the county may be sued; if a guaranty has been taken, the county can not be sued, no matter what the proportion of the amount of damages sustained may be to the amount of the guaranty. In expressing the contingencies in which a county may be sued and damages recovered, on a cause of action like the present, we hold that it was the intention of the legislature to exclude the right to sue in any other than the contingencies named, under the famillar maxim, "*Expressio unius est exclusio alterius.*"

Were we to hold that, when the amount of the guaranty taken is insufficient to make adequate compensation for damages sustained, that then the county may be sued, we would not only be assuming the exercise of a function properly belonging to the law-making department, but would establish a rule under which it might be difficult, in many cases, to determine whether a right of action against the county existed or not; the liability of the county depending upon the question, whether or not the damages exceed the amount of the guaranty, and the damages being unliquidated, incapable of legal ascertainment but by a verdict. Under such a rule, the *amount* of the verdict would be the test as to whether a right of action existed or not.

It is not, as is supposed by counsel, made the duty of the court of county commissioners, when a bridge or causeway has been erected by contract with them, to take a guaranty of the character designated in the Code. Nor, if such a guaranty be taken, is any rule prescribed as to what shall be its extent; but, if none be taken, as before remarked, the county, in a proper case, may be sued. It would be impossible to foresee, in any case, the amount of damages which might result from a defective or unsafe structure of the kind; and if a guaranty should be required in each case sufficient to cover the contingency of large damages that might accrue, the result would probably be to prevent, to a great extent, the making of such contracts; for, when the structure intended to be erected would not be costly, as was the fact in the case before us, and the profits

of the contractor would therefore be small, a person could hardly be found willing, under such circumstances, to incur, as contractor, such heavy responsibility.

It results from what we have said, that the circuit court erred in overruling the demurrer to the complaint, and also in giving the first charge stated in the bill of exceptions.

The conclusion attained by us will probably be decisive of the case; but two other points suggested by the record, and argued by counsel, we will briefly notice.

2. It is insisted that the bond relied on in this case as a guaranty, is a nullity, because it was not taken by the court of county commissioners, who alone had the authority to take it, but is payable to the "judge of the probate court and his successors in office," when the judge of the probate court, as such judge, had no authority or jurisdiction to take such guaranty.

If the bridge was built under a contract with the court of county commissioners, and the bond in question was executed by the contractor pursuant to a requirement of said court, and as one of the conditions on which he was to build, or received the contract price for building the bridge, then the bond is not void, but is a valid bond, although it be payable to the judge of the probate court, *eo nomine*, and his successors in office.—*Seawell v. Franklin*, 2 Porter, 493; *Butler & Alford v. O'Brien*, 5 Ala. 316; *Whitsett v. Womack*, 8 Ala. 466. It is not required by the Code that it should have been made payable to the court of county commissioners, nor to any particular officer; hence, the authorities cited by the appellee upon this question, do not apply. The judge of probate in each county is "*principal judge*" of the court of county commissioners, and the keeper of the records of said court; is in fact the clerk, as well as the presiding judge of the court.—Code, §§ 697–705. And he may well be the actor in the taking of such a bond, when it is executed pursuant to an order of the court. And in such cases, any act which is intended by the obligors as a *delivery* of the instrument, will be so treated.—See *Sprowl v. Lawrence*, 33 Ala. 674, and cases cited in the opinion of the court upon this point, on page 692.

3. Under sections 775 and 2141 of the Code, no suit can

be brought against a county, until the claim or demand has been presented within twelve months after it accrues, or becomes payable. Our construction is, that these sections apply to suits for damages like the present, as well also as to claims or demands founded on contract.

Let the judgment be reversed, and the cause remanded.