# Schroeder *v.* Colbert County.

*Action for Damages against County, for Injuries caused by Defective Public Bridge.*

1. *When action lies against county.*—An action can not be maintained against a county, upon a claim which is by law required to be presented to the Commissioners Court for allowance, until it has been so presented, and disallowed in whole or in part (Code, § 2903); and the complaint must aver such presentment and disallowance.

2. *Same; claim for damages caused by defective bridge.*—A claim against a county, for damages sustained from the falling of a public bridge, must be presented to the Commissioners Court for allowance, before an action on it can be maintained against the county.

3. *Claims against county; itemizing and verifying.*—A claim against the county, presented to the Commissioners Court for allowance, is required to be itemized, and verified by affidavit (Code, § 827); and in an action on such claim, the complaint must show that it was so itemized and verified.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. W. B. WOOD.

This action was brought by Adam C. Shroeder against Colbert county, as a corporation, to recover damages for injuries sustained by his wife and son from the falling of a public bridge; and was commenced on the 19th February, 1878. The amended complaint, which was filed by leave of the court, and to which a demurrer was sustained, was in these words: "Plaintiff claims of defendant $550 as damages, for injuries sustained by him by reason of a defect in a free bridge, constructed by contract with the Court of County Commissioners of said county, over a stream near the town

[Schroeder v. Colbert County.]

of Tuscumbia, known as 'Spring Creek,' and on the public highway in said county leading from Tuscumbia to the Rock Quarry; said Commissioners Court having taken no guaranty, by bond or otherwise, that it should continue safe for the passage of travellers and other persons, for a stipulated time, and having permitted it to stand in a neglected and unsafe condition; whereby plaintiff's wagon was thrown from said bridge, precipitating his wife and son downwards, twelve or fourteen feet, causing them great bodily injury, pain and suffering, and injuring plaintiff's wagon and team and the contents; whereby plaintiff was injured during the disability of his said wife, in the privation of his comforts by reason thereof, and the loss of her services and society, and by further reason of the responsibilities for the charges for her cure, medical attention during her sickness from said injuries, and the loss of time and attention to his business and occupation, caused by his attention and care of his said wife during said sickness; for which damages, plaintiff applied, in the terms of the statute, to the Court of County Commissioners for payment, and the said claim was presented for allowance to the said Court of County Commissioners, within twelve months after it accrued and became payable; but, being by said court refused payment thereof, and disallowed, he brings this action, and demands of said county his damages aforesaid, together with interest thereon. *Also*, the like sum of $550, for damages sustained by him by reason of a defect in a public free bridge kept up by said county over a stream on a public highway, to-wit," &c.; "the said county being bound to keep said bridge in a safe condition for the passage of the public; the said court, by virtue of the jurisdiction given to it, having contracted with certain parties, and authorized them to build a bridge," &c., " and not requiring any guaranty from said parties, by bond or otherwise, but erecting said bridge with county funds by contract; and the said county, being bound to keep said bridge in a safe condition for the passage of the public, by its failure to do so is responsible to plaintiff for the damages which he has sustained by reason of said neglect."

The defendant demurred to this complaint, assigning as cause of demurrer, *inter alia*, the failure to allege " that the claim sued on was itemized and sworn to by the plaintiff, or by some other person in his behalf having personal knowledge of the facts, at the time said claim was presented to said Court of County Commissioners for allowance, or at any time before said claim was so presented for allowance, as required by section 827 of the Code." The court sustained the demurrer, and its judgment thereon is now assigned as error.

[David v. David's Adm'r.]

R. O. PICKETT, E. A. O'NEAL, and R. B. LINDSAY, for the appellant.

W. COOPER, contra.

PER CURIAM.—Suits cannot, generally, be maintained against a county, until the claim or demand has been, within the period prescribed by the statute (Code of 1876, § 832), presented to the Commissioners Court of the county, and disallowed in whole or in part.—Code of 1876, § 2903. A claim against the county, for damages sustained from the falling of a public bridge, is of the class which must be presented to the Court of County Commissioners for allowance, before it can be made the subject of suit.—*Barbour County v. Horn*, 41 Ala. 114. The Court of County Commissioners is prohibited from passing upon or allowing any claim against the county, *unless it is itemized and sworn to by the claimant, or some person in his behalf having personal knowledge of the facts.*—Code of 1876, § 827. The liability of the county to suit is statutory, and unless all the pre-requisites of the statute are observed, suits against it cannot be maintained. It would require the largest liberality and latitude of construction to deduce from the averments of the complaint the existence of a claim for which the county is chargeable. But, if that can be done, there is a want of an averment that the claim was itemized and verified, as required, when presented to the Commissioners Court. If not so itemized and verified, they could not pass upon or allow it; and the disallowance of it may well be referred to its insufficiency in this respect.

Affirmed.