# Roberts *v.* Cleburne County.

### *Action to recover Damages against County.*

1. *Pleadings; error without injury in sustaining demurrer to the complaint.*—Where, after a demurrer to the complaint is sustained, the plaintiff amends his complaint and issue is joined on it as amended, and there are no averments in the complaint upon which the case was tried that were not necessary to a recovery, if there was error in sustaining the demurrer to the complaint as originally filed, it was error without injury; the plaintiff having had the full benefit of all the proper and necessary averments of his complaint.

2. *Action against county; what necessary to recover damages.*—An action can not be brought against a county to recover damages for injuries caused by the falling of a bridge along a public road of the county, where it is not shown that the claim was presented to the court of county commissioners to be "passed upon or allowed" by the court, as required by the statute (Code of 1886, § 902; Code of 1896, § 1407), and that it had been disallowed by said court in whole or in part.

3. *Same; same.*—Where, in an action against a county, the right to recover damages for injuries caused by the falling of a bridge, is based upon the provisions of section 1456 of the Code of 1886, (Code of 1896, § 2512), the plaintiff is not entitled to recover, when the evidence shows affirmatively that the bridge was not erected by contract with the county commissioners, as provided by said section of the Code.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. GEORGE E. BREWER.

This is an action against the county for damages for personal injuries, and injuries to property of plaintiff, alleged to have been caused by the falling in of a defective bridge on a public road; and was begun on the 16th day of February, 1895. From the judgment entry, it appears that there were three amendments to the complaint; to the first two of which demurrers were sustained, and to the third of which the defendant pleaded, and that issue was joined upon defendant's pleas thereto. There is nothing in the record to show the averments of the complaint to which demurrers were sustained. Only the complaint as amended, to which the defendant filed its pleas, appears in the record.

[Roberts v. Cleburne County.]

The undisputed evidence shows that the plaintiff received the personal injuries alleged in the complaint, and that he had incurred doctor's bills and suffered loss of time, as alleged, and that his horse was killed, his mule injured, and his wagon and harness damaged as alleged, and that this was all caused by the falling of a bridge across a slough on the Ross Ford road, in Ross's farm.

It was further shown that one J. R. Moore built the bridge that fell with plaintiff, but that he built it under a contract with Messrs. Ross, and that he had no contract or agreement whatever with the court of county commissioners of Cleburne county, for the building of said bridge, but that after said bridge was built, the commissioners court of said county made a donation or contribution to aid in paying for the building of said bridge; that after the falling of said bridge, said J. R. Moore again rebuilt it under a contract with Messrs. Ross, and that the commissioners court of said county again made a contribution thereto; but that he had no contract with said commissioners court to rebuild the bridge.    There was some evidence that the bridge had been out of repairs in the summer previous to the accident to plaintiff, and that some repairs had been made thereon, but by whom the repairs were made is not shown.

There is no evidence that the claim of plaintiff was ever presented to and disallowed by the court of county commissioners of Cleburne county.

The defendant offered no evidence; and upon the introduction of the plaintiff's evidence, the defendant requested the court to give to the jury the general affirmative charge in its behalf.    The court gave this charge, and the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the sustaining of the defendant's demurrer to the original and amended complaint, and the giving of the general affirmative charge requested by the defendant.

D. D. McLEOD and JAMES AIKEN, for appellant.

MERRILL & BRIDGES and KELLY & JOHNSON, *contra*.—
1.   A county is only liable for injuries occurring from an unsafe or defective bridge erected by contract with

the county, of the character specially mentioned in the statute.—Code of 1886, § 1456 ; *Covington County v. Kinney*, 45 Ala. 176 ; *Barbour County v. Horn*, 48 Ala. 649 ; *Askew v. Hale County*, 54 Ala. 639 ; *Sims v. Butler County*, 49 Ala. 110.

2. The statute authorizing contracts for building bridges for a county must be strictly pursued, otherwise the county will not be bound.—4 Am. & Eng. Encyc. of Law, 359, 365, 367 ; *Green County v. Eubanks*, 80 Ala. 204 ; *Askew v. Hale County*, 54 Ala. 639 ; *Lee County v. Yarbrough*, 85 Ala. 590.

3. The plaintiff must aver and prove notice of defect. *City Covncil v. Wright*, 72 Ala. 411 ; 2 Amer. & Eng. Encyc.of Law, 559.

COLEMAN, J.—This action was to recover damages sustained by reason of the falling in of a bridge. According to the judgment entry, there was no ruling of the court upon the demurrer to the original complaint. It recites that the defendant's demurrer to counts one, two and three of amended complaint were sustained, and then states "that plaintiff by leave of the court, amends his complaint in each count thereof, and issue being joined upon defendant's pleas, thereupon came a jury," etc. The only reference submitted by appellant, to show that the court erred in sustaining the demurrer of the defendant to the complaint as first amended, is that the complaint states facts sufficient for recovery under section 1456 of the Code of 1886. No argument is made and no authority cited to sustain the assignment, other than the foregoing simple assertion "that the complaint is sufficient." When counsel do not deem an exception of sufficient merit to entitle it to consideration, it can hardly be expected of the court to attach to it any more weight. There was, however, certainly no error injurious to appellant, inasmuch as he had the full benefit of all proper and necessary averments of the complaint upon which issue was joined, and there were no averments in the complaint upon which the cause was tried, that were not necessary to a recovery.

After the evidence closed, the court gave the affirmative charge for the defendant. In this there was no error. There was no evidence introduced on the trial, that plaintiff ever presented his claim to the court of

county commissioners "to be passed upon or allowed" by the court as required in section 902 of the Code of 1886.—*Schroeder v. Colbert County*, 66 Ala. 137.

The evidence affirmatively showed that the bridge was not erected by contract with the county commissioners as provided by section 1456 of the Code of 1886, under which the plaintiff sought to fix a liability upon the county.

Affirmed.


*Action to recover Damages for Personal Injuries.*