.[Rumsey & Co., Limited, v. City of Bessemer.]

# Rumsey & Co., Limited, *v.* City of Bessemer.

## *Action of Assumpsit.*

1. *Action against municipality; when claim must be presented to and refused by board of mayor and aldermen.*—Where the charter of a municipality provides that "no suit upon any claim or charge for money or damages shall be maintained against said city until application shall have been made to the board of mayor and aldermen.for payment thereof and the said application refused in whole or in part, or the board shall fail at its next regular meeting to act thereon," no action can be maintained against said municipality for any claim or charge for money or damages without its being shown that compliance was had with such provision of the charter.

2. *Action to recover for purchase price of property sold; reasonable time question for the jury.*—Where property is sold upon condition that it can be examined and tried and if not satisfactory may be returned, if upon the examination and trial such property does not prove satisfactory to the prospective purchaser, he may decline the contemplated purchase, provided the property is returned within a reasonable time; and whether the property is returned within a reasonable time, is a question to be determined by the jury.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This action was brought by the appellant, Rumsey & Company, Limited, a corporation, against the City of Bessemer, to recover the price or value of a fire engine and hose, alleged to have been sold by the plaintiff to the defendant.

On the trial of the case it was shown by the evidence that the engine was tried by the defendant some time in November, 1900, and proved unsatisfactory, and was shipped, together with the hose, to the plaintiff the latter part of January, 1901.

C. L. Odell, as a witness for the plaintiff, testified that as the attorney for the plaintiff he made a demand

upon the City of Bessemer for the payment of the account sued on, which was refused. The only appearance made by C. L. Odell, as attorney for the plaintiff, before the City Council of the City of Bessemer, and the only record of any demand being made for the payment of the amount claimed by the plaintiff, as shown by the minutes of the City Council, was, as recited in said minutes, as follows: "C. L. Odell addressed the council as the attorney of Rumsey & Co., Limited, who offered to take the fire engine for $125 or they would bring the engine back and demonstrate that it would do what it was contracted to do." The minutes then recited that a motion was made to accept the proposition of Rumsey & Co., as presented by their attorney, but that this motion was lost.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charge, and duly excepted to the court's refusal to give the same as asked: "The court charges the jury that if they believe the evidence, they will find for the plaintiff."

The plaintiff separtely excepted to the court's giving to the jury at the request of the defendant the following written charges: (2.) "Unless the jury are reasonably satisfied that a demand for payment was made for the hose, couplings, etc., before this suit was brought, the jury must find for the defendant as to the price of such articles." (3.) "Unless the jury are reasonably satisfied from the evdience that the demand for payment made to the city council included the items for hose, couplings, etc., they can not find for the plaintiff for such articles." (4.) "If you believe that the only demands made on the city council of defendant was an offer by Mr. Odell as attorney for the plaintiff to take the fire engine for $125, or they would bring the engine back and demonstrate that it would do what it was contracted for, then you must find for the defendant." (5.) "The court charges the jury that if the defendant acted in good faith in refusing to accept the Hand Fire Engine as satisfactory and returned the engine to the plaintiff within a reasonable time paying the freight

[Rumsey & Co., Limited, v. City of Bessemer.]

both ways, then they must fined for the defendant as to the item of the fire engine." (7.) "What is reasonable time is a question of fact to be determined by taking all of the evidence into consideration." (8.) "The court charges the jury that if plaintiff fails to prove any price or value of the articles included in the item of the account for hose, etc. dated November 2, 1900, then they must find for the defendant for such items."

There were verdict and judgment for the defendant, and from this judgment the plaintiff appeals. Among the assignments of error were the following: (9:) "That the verdict is contrary to the evidence." (10.) "That the verdict is contrary to the law and the evidence." (11.) "That the verdict is contrary to law."

TROTTER & ODELL, for appellant, cited 18 Amer. & Eng. Ency. of Law, (2d ed.), 119; *Catlin v. Green*, 120 N. Y. 445; *Quinn v. Stout*, 31 Mo. 160; *Landman v. Bloomer*, 23 S. R. 75.

W. F. PORTER, *contra*, coted *Crenshaw Co. v. Sikes*, 113 Ala. 626; *Perryman v. Greenville*, 51 Ala. 507.

SHARPE, J.—Plaintiff carried on the business of manufacturing and selling engines. In the course of correspondence between it and E. H. Lopez, a representative of the city of Bessemer, looking to the purchase by the city of a hand fire engine, plaintiff wrote Lopez "we would be willing to send one of our 246 engines for trial, the city to pay freight charges both ways in case the engine was not accepted." To this Lopez replied: "Your letter was, read before the council at its regular meeting last night, and I was instructed to write you accepting your proposition to ship one of your Fig. 246 engines on trial, with the understanding that if it comes up to your representations and proves satisfactory on trial, that the city will purchase it, otherwise it may be returned, the city paying freight charges both ways." Afterwards on Nov. 2d, an engine was shipped from plaintiff to defendant and as a result of certain tests to which it was subjected, the city refused to buy the engine, and after paying freight charges, returned

it to plaintiff with advice that it was not satisfactory. This suit was for the price or value of the engine and of certain hose attachments furnished for use with, but not as a part of, the engine and resulted in a verdict for defendant. The matters assigned as error relate in part to the findings of the jury which are not reviewable, and in the remainder to the court's action in giving and refusing charges, which we think involved no reversible error.

Charges 2, 3 and 4, given for defendant, were in harmony with section 62 of the act establishing a new charter of Bessemer, which provides that, "no suit upon any claim or charge for money or damages shall be maintained against said city, until application shall have been made to the board of Mayor and Aldermen for the payment thereof, and the said application refused in whole or in part, or the said board fail at its next regular meeting to act thereon." Without compliance with this statute, plaintiff's claim could not have become a subject of suit.—*Schroder v. Colbert Co.*, 66 Ala. 137; *Barbour County v. Horn*, 41 Ala. 114.

In behalf of defendant there was evidence tending to show the rejection of the engine was not capricious, but was because its capacity did not come up to plaintiff's representations and was consequently, by the board of Mayor and Aldermen, found to be insufficient for the city's purposes. If this evidence was true, defendant, under the agreement, by which it received the engine, had the right to decline the contemplated purchase, provided it returned the engine within a reasonable time; and whether the return was within that limit was a question properly submitted to the jury by charges 5 and 7. For obvious reasons the giving of charge 8 for defendant and the refusal of the general affirmative charge requested by plaintiff was proper. The record recites that charge 6 was given in behalf of plaintiff, thereby implying that it was given at plaintiff's request. Therefore, without regard to its merits, plaintiff can take nothing by its execption to that charge.

Affirmed.