# Crenshaw County *v.* Sikes.

### *Action against a County.*

1. *Action against a county; presentation of claim to commissioner's court; record of court best evidence.*—In an action against a county, the presentation to, and disallowance by, the court of county commissioners of the claim sued upon, can not be proved by the oral testimony of one of the commissioners; but the court of county commissioners being, by statute (Code of 1886, § 819), a court of record, and being required (Code of 1886, § 827) to keep a record of its proceedings as a matter of record in the commissioners court, the record itself is the best evidence thereof, and the only evidence which is admissible.

APPEAL from the Circuit Court of Crenshaw.

Tried before the Hon. JOHN R. TYSON.

On the 25th day of June, 1895, appellee sued appellant in the circuit court of Crenshaw county, claiming one hundred and twenty-five dollars as damages for injuries to a horse of plaintiffs, which resulted in the death of the horse. The complaint alleged that the injury occurred on the 18th day of May, 1894, and that it was caused by a defect in "a public bridge situated on the public road in Crenshaw county, Alabama." The complaint,

[Crenshaw County v. Sikes.]

after alleging the injury and the cause thereof, contained the following declaration: "Plaintiff further avers that said claim for damages was certified by affidavit and presented to the court of county commissioners of Crenshaw county, Alabama, within the time allowed by law, and payment of the same was refused by said court of county commissioners before the bringing of this suit."

To this complaint the defendant demurred upon several grounds, which were overruled. It is unnecessary to set out these demurrers.

The defendant pleaded, (1) the general issue; (2) the statute of limitations of one year; and (3) contributory negligence.

The evidence, as disclosed by the bill of exceptions, in reference to the presentation of the plaintiff's claim to the commissioners court of Crenshaw county is sufficiently stated in the opinion; and in view of the decision on the present appeal, it is unnecessary to set out the other evidence in the case. Among the other charges requested by the defendant, and to the refusal to give each of which the defendant separately excepted, was the following: "If the jury believe the evidence, it will find for the defendant." There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

GAMBLE, POWELL & RUSHTON, for appellant.

I. H. PARKS, *contra.*

HARALSON, J.—The court of county commissioners is by statute declared a court of record, possessing "original jurisdiction in relation to the establishment, change or discontinuance of roads, bridges, causeways and ferries within the county."—Code of 1886, §§ 819, 825. The judge of probate, its principal judge, is the keeper of its records, and is required to record its proceedings. Code of 1886, § 827.

It is provided by statute, that claims against the county shall not be passed upon or allowed by the court of county commissioners, unless they are itemized and sworn to by the claimant, or by some person in his behalf having knowledge of the facts, and presented within

[Crenshaw County v. Sikes.]

twelve months after the time they accrue; and that no suit shall be brought against the county until the claim has been presented to the court of county commissioners, and disallowed or reduced by the court, and the reduction refused by the claimant.—Code of 1886, §§ 905, 906, 2574.

It would seem from the foregoing provisions of the statutes, that what action the court of county commissioners takes in allowing or disallowing, in whole or in part, a claim which is filed against the county, should appear as a matter of record in the commissioners' court. The evidence of the proceedings and action of the court in such case, must be sought in its records.

In *Speed v. Cocke*, 57 Ala. 216, a case in which the question arose, whether a claim that had been presented to the commissioners' court had been allowed, it was said: "The allowance of the claim must be *matter of record*. A court of record speaks only through its records. A written memorial is the only evidence which other courts can receive of its proceedings, whether it is of the exercise of judicial power, or of mere ministerial authority and duty.— *Wade v. Odeneal*, 3 Dev. 423. * * * They preserve written memorials of their proceedings, which are exclusively the evidence of those proceedings."

In *Perryman v. Greenville*, 51 Ala. 507, in which the question was controverted, whether the town council had made an allowance to Perryman, the marshal, for services rendered in the assessment of taxes, it was said by BRICKELL, J., speaking for the court: "The facts of such allowance was provable only by the records or minutes of the proceedings of the council. The 'books' of the corporation, by which we understand the record of the proceedings of the council, were offered and received to disprove the fact of such allowance. In this there was no error. They were the best and only evidence of the fact that such an allowance had, or had not been made."

Again it is said on this subject, in the 20 Am. & Eng. Encyc. of Law, 511: "And, when a record is, by statute, required to be kept, the rule is even carried so far as to exclude parol or other extrinsic evidence of the proceedings of such public bodies, when there has been no record made, or when there is a defect or omission in the record," citing to sustain the principle, *Perryman*

[Red Mountain Mining Co. v. Jefferson County Savings Bank.]

*v. Greenville, supra,* and a number of cases from other States, n. 3.

On the trial of this cause the plaintiffs, to show that their claim had been presented to the commissioners' court and rejected, introduced G. W. Rhodes, who testified, that he was a member of that court, and was a member in April, 1895; that "the plaintiffs presented their claim for payment for injury to the horse, the subject matter of this suit, at the April term, 1895, of the court, and the court rejected it."

"The defendant objected to this testimony upon the ground, that the minutes of the commissioners' court was the best evidence as to whether the claim was rejected. The court overruled the objection, there being nothing in the minutes to show that the claim was ever presented or rejected." To this ruling the defendant excepted. The witness then testified that after the claim was rejected, it was placed with the other papers of the commissioners' court; and testimony was then offered, that the original claim had been lost.

Upon the principle and authorities above announced and cited, we must hold the court erred in admitting this evidence, against the objection interposed to it. If there was no record entry of the filing and rejection of plaintiffs' claim in the court, the omission could not be supplied by parol evidence, and without such evidence, they could not maintain their suit.—*Schroeder v. Colbert County,* 66 Ala. 137; *Barbour County v. Horn,* 41 Ala. 114.

The general charge as requested should have been given for defendant. It is unnecessary to notice the other errors assigned.

Reversed and remanded.