# Smith *v.* McCutchen, Judge.

## *Mandamus.*

(Decided May 31st, 1906.   41 So. Rep. 619.)

1. *Mandamus; County Warrants; Issuance; Judge of Probate; Ministerial Duty.*—The issuance of a warrant upon a claim against the county, which has been properly allowed, is a ministerial duty, under § 1416, Code 1896, the performance of which by the judge of probate may be compelled by mandamus.

2. *Counties; Claim; Audit.*—The mere entering into a contract by and between an architect and the court of county commissioners, and the entry of the contract upon the minutes of the court, was not such an audit or allowance of the claim of the architect for services, under § 1417, Code 1896, as will authorize the judge of probate to draw a warrant therefor, under § 1416, Code 1896, or give grounds for mandamus to compel him to do so.

3. *Mandamus; County Warrant.*—Sections 1416 and 1417, Code 1896, require that a claim against a county must have been audited and allowed for a definite sum, which must be shown by the minutes of the court, before the judge of probate is authorized to draw his warrant therefor, or before he can be compelled so to do by mandamus.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

This was an application for mandamus filed by Smith against McCutchen, as judge of probate of Jackson county, seeking to have said judge of probate compelled to issue to him a warrant upon the county treasury for the payment of certain claims against the county. The facts are sufficiently stated in the opinion of the court.

VIRGIL BOULDIN, for appellant.—The cash payment due Smith is definitely fixed as to amount and time of payment by the record—it has been duly audited and allowed. The judge of probate cannot question this action. He should issue the warrant and refusing to do so

should be compelled by mandamus.—*Jeffersonian Publishing Co. v. Hilliard,* 105 Ala. 576. This is the only remedy.—*Caldwell v. Duncan,* 62 Ala. 461.

BILBRO & MOODY, for appellee.—There has been no auditing of this claim under section 1417 of the code of 1896 to warrant the judge of probate in paying the same under section 1416. It does not appear from the record that any allowance was made appellant.—*Speed v. Coke,* 57 Ala. 216.

DENSON, J.—This is a proceeding by mandamus commenced by B. B. Smith against W. W. McCutchen, as judge of probate of Jackson county, by which it is sought by the petitioner to compel the respondent to issue him a warrant for $875 claimed by the petitioner to be due to him from the county. The circuit court sustained a demurrer to the petition, denied the relief sought, and adjudged the costs against the petitioner. From the judgment this appeal was taken.

There are numerous grounds of demurrer assigned, but the first ground, we think, raises the only material question to be determined. It is that the petition fails to show that the claim of the petitioner was ever itemized and sworn to by petitioner and audited and allowed by the commissioners' court. There is no pretense that the claim was ever itemized or sworn to, but under the the facts of the case it is appellant's insistence that there was no necessity for that formality; and it is insisted that the facts under which the claim arose show the equivalent of an auditing and allowance by the commissioners' court of the claim. On April 13, 1904, the court of county commissioners of Jackson county made an order for the erection of a new courthouse for the county. Petitioner prepared and presented to the commissioners complete plans and specifications for such courthouse, which, on examination and consideration by the court of county commissioners, were accepted and adopted, and a contract was duly entered into, as is shown by the petition and exhibits attached, in words and figures as follows:

"State of Alabama, Jackson County. Scottsboro, Ala., April 13th, 1904. From Benjamin B. Smith, Architect, to board of County Commissioners of Jackson County: For a compensation of five per cent. (5 per cent.) of the total costs of the building, I, Benj. B. Smith, architect, of Montgomery, Ala., agree to make full and complete plans, specifications, details, and superintend the construction of a two-story brick courthouse at Scottsboro, Jackson county, Ala., make all estimates, and audit accounts for the same, payments to be made me by the county as follows. Two and one-half per cent. (2 1-2 per cent.) when the plans and specifications are delivered to said board of commissioners, one and one-quarter per cent. (1 1-4 per cent.) when the building is under roof, and the balance of one and one-quarter per cent. (1 1-4 per cent.) when the building is completed and turned over to the county. The first payment is to be made on the estimate cost of the building; the other payments on actual contract price; the entire compensation to be reckoned on the full costs of the building, including all stationary fixtures. The architect will make all estimates, audit all accounts, inspect the building during the construction, assist the owner in enforcing the terms of the contracts with the contractors; but his liability shall be that of agent only, and he will not be responsible in any way for the failure of the contractor to complete his contract. If the work upon the building be postponed or abandoned, the compensation for the work done by the architect is to be as such relation to the compensation for the entire work done as determined by the published schedule of fees of the American Institute of Architects. Benj. B. Smith, Architect.

"Accepted and approved April 13th, 1904, E. B. Hicks, J. M. Walker, W. H. Stovall."

The contract was entered of record on the minutes of the court of county commissioners as a part of the order of the court. At the same time and as a part of the same order of the court, the court entered in to a contract with Dobson & Bynum for the erection of the house at an agreed price of $35,000. The plans and spec-

ifications adopted and accepted by the court were made a part of the contract with Dobson & Bynum. The entire order of the court, including the contract with petitioner as architect, and with Dobson & Bynum, builders, duly certified, is made a part of the petition. The cash payment of 2 1-2 per cent., amounting to $875, to be paid petitioner on delivery of plan and specifications, is the sum for which he demanded the issuance of a warrant, and on refusal of the demand this suit was begun.

The statute (Code 1896, § 1416) requires that all claims against the county must be audited, and every claim, or such part thereof as is allowed, must be registered in a book kept for that purpose, and the judge of probate is required to give the claimant a warrant on the treasury for the amount so allowed. It is well settled law in this state that, when a claim has been audited and allowed, the issuance of the warrant for it by the judge of probate is a ministerial duty, to compel the performance of which mandamus is the remedy.—*Jeffersonian Publishing Co. v. Hilliard*, 105 Ala. 576, 17 South. 112. In mandamus proceedings the relator must show to the court that he has a clear legal right to the performance of the act or duty demanded.—Moses on Mandamus, 204; *Speed v. Cocke*, 57 Ala. 215. The right of the relator in this case depends upon whether the claim was audited and allowed before the application for the mandamus was filed.

It is obvious to our minds that the entering into the contract with Smith by the commissioners and entering it on the minutes of the court was not intended by them as an auditing or allowance of any claim that Smith had against the county. This view is reinforced by the statute (Code 1896, § 1417), which provides that no claim against the county shall be passed upon or allowed by the county commissioners, unless it is itemized and sworn to, etc. It was the foundation for a claim, but we do not think that it can or should be held to be auditing and allowing within the meaning of the statute, such as charged the duty upon the probate judge to issue

a warrant. If so, we would be met at the very threshold with the query, for what amount shall the warrant be drawn? And it will not suffice as an answer that the probate judge could take the contract and by easy calculation determine the amount for which the warrant should be drawn. That is precisely what the law has imposed upon the commissioners—to audit—to adjust the claim, and does not allow the judge to do it. And the amount allowed must be a sum certain and must be a matter of record, and the record or decree, to be operative, must be certain and complete in itself, without reference to anything else by which to ascertain its meaning.—*Crenshaw Co. v. Sikes*, 113 Ala. 626, 21 South. 135. As was said by this court in *Board of Revenue v. Barber*, speaking with respect of these statutory requirements: "These regulations prescribed by law for the protection of the public from peculation could not be set aside either by the contract, or order of the court of county commissioners, which in such matters was not a judicial tribunal, but an administrative body, like a board of directors, whose duty it was to manage the affairs of the county according to law."—*Board of Revenue v. Barber*, 53 Ala. 589. It was further said in the case cited: "The probate judge has no authority to issue a warrant upon any claim until it has been audited as required by the statute, nor for any other sum than for the amount 'so allowed'."—*Speed v. Cocke*, 57 Ala. 209; *Crenshaw Co. v. Sikes*, 113 Ala. 626, 21 South. 135; *Commissioner's Court v. Moore*, 53 Ala. 25; *Jack v. Moore*, 66 Ala. 184; *Marshall County v. Jackson County*, 36 Ala. 613.

Certainty is essential, that it may appear that the warrant of the judge of probate, when drawn, is supported by the proper authority. It is not certain from the record that the acceptance and record of the contract made with Smith discloses a clear legal right to any particular sum of money. The most that can be said for it is that it fixes the rule for measuring his compensation, and to finally arrive at the particular amount, even according to this rule, resort must be had to another contract between the commissioners and other parties than

[Smith v. McCutchen, Judge.]

Smith. We are of opinion that, before mandamus will lie to compel the judge of probate to draw a warrant, the sum for which the warrant should be drawn must be a definite and fixed sum, and it must be shown by the record to have been allowed.—Code 1896, §§ 1416, 1417; *Crenshaw County v. Sikes,* 113 Ala. 626, 21 South. 135; *Board of Revenue v. Barber,* 53 Ala. 589; *Speed v. Cocke,* 57 Ala. 209; *Shinbone v. Randolph County,* 56 Ala. 183. The facts of this case and the nature of the proceedings differentiate it from the case of *Tally v. Commisisoners' Court* (Ala.) 39 South. 167, and the view we have here taken is not at variance with what was there incidentally said with respect of the contract with Dobson & Bynum.

Our conclusion is that the petition and exhibits attached do not disclose that the claim insisted upon by the petitioner has been audited and allowed by the court of county commissioners, and, of consequence, that no clear legal right to have the respondent draw a warrant in favor of the petitioner in the sum of $875 has been shown. The judgment of the circuit court is in harmony with our views and conclusion, and its judgment will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DOWDELL, JJ., concur.