# Commissioners Court of Chilton County *v.* State ex rel Southern Ry. Company.

*Mandamus to Compel Court to Pass or Reject Claim.*

(Decided June 5th, 1906. 41 So. Rep. 463.)

1. *Appeal; Record; Bill of Exceptions; Pleading; Motion to Strike.*— Where the demurrer to the petition was stricken on motion, it was not longer pleading in the case, so as to be a part of the record proper, and the demurrer and motion to strike, after motion granted cannot be reviewed, unless presented by bill of exceptions.

2. *Judgment; Pleadings to Sustain; Defective Petition.*—The petition being fatally defective in failing to show want of action by the court, the court erred in granting relief, even if, after having its demurrers stricken, respondents refused to plead further. The complaint will not support a judgment.

3.  *Mandamus; Nature of Bill; Scope of Relief; County Commis-
    sioners; Allowance of Claim.*—Mandamus is the proper rem-
    edy to compel a commissioner's court to audit and allow or
    disallow a claim against the county, when the claim has been
    properly verified and presented.

4.  *Counties; Claims; Collection; Remedies.*—Where a claim against
    a county has been properly verified and presented, and disal-
    lowed by the county commissioners, an action at law is the
    creditor's proper remedy.

5.  *Same; Audit; Disallowance; Entry on Minutes.*—The action of
    the court of county commissioners was ineffectual as an audit
    of a claim where, although disallowing it, no entry of their
    action upon the claim was entered on the minutes of the court.

6.  *Same.*—An order on the minutes of the court on a date specified
    reciting that the court had considered a claim and was of the
    opinion that petitioner was not entitled to the relief sought,
    and that it was the judgment of the court that the same be dis-
    allowed, is a sufficient audit and action on the claim, although
    the claim was not endorsed disallowed.

7.  *Appeal; Assignment; County Commissioners.*—On appeal taken
    in the name of the probate judge and court of county commis-
    sioners, where the assignment of error read "comes the appel-
    lants" etc., it was effectual, and not an assignment in their in-
    vidual capacity.

APPEAL from Chilton Circuit Court.

Heard before Hon. A. H. ALSTON.

This was a petition addressed to the circuit court of
Chilton county, seeking to require the judge of probate
of Chilton county, as chairman of the commissioners'
court, and the commissioners' court of said county, to
pass upon and allow or refuse a claim presented to it by
the Southern Railway Company for a sum of money al-
leged to have been overpaid as taxes by said railroad. It
seems from the facts in the record that this claim was
presented to the predecessors of the present appellants,
and rejected; but no minute of the action of the court
was entered upon the minute books, and the claim was
lost. Afterwards a substantial copy of the claim, to-
gether with the facts relied on why it should be paid,
duly verified by affidavit, was presented to the present
appellants. It seems no order was indorsed upon the

claim denying it, but the following order in reference to the claim was entered upon the minutes of the commissioners' court: "Upon consideration of the petition of the Southern Railway Company, filed by A. S. Lyman, its agent and attorney, on the 28th day of July, 1905, it is the opinion of the court that the petitioner is not entito the relief sought in said petition. It is therefore ordered and adjudged by the court that the same be, and is hereby, denied." The petition sought a mandamus to compel action by the commissioners' court to properly audit, and either pass or deny, said claim. There were a number of motions, demurrers, and other pleadings, not necessary to be here set out, as they were not properly presented for review in this court. Mandamus was awarded, and from this order this appeal is taken.

SMITH & MIDDLETON, for appellant.—The court erred in striking the demurrers. It should have considered them and passed upon them.—19 A. & E. Enc. of Law, 725. The claim was not presented as required by section 1417 of the code of 1896.—*Globe Iron and Corregating Co. v. Thacker,* 87 Ala. 458; *Schroeder · v. Colbert County,* 66 Ala. 137; 11 Cyc. 590. Mandamus will never issue to compel the doing of a vain and useless thing.—19 A. & E. 756.

PETTUS, JEFFRIES & PETTUS, for appellee.—The question is not properly presented by the record as to the action of the court in striking the demurrers and hence cannot be considered.—*Randall v. Wadsworth,* 130 Ala. 638; *Spraggins v. State,* 139 Ala. 102; *Wilson v. State,* 136 Ala. 114. The commissioners' court of Chilton county were properly made parties respondent to the petition and not the probate judge in his individual capacity nor the commissioners in their individual capacity. The appeal was properly taken in their official capacity, yet the assignment of errors is by one Reynolds and four other individuals.—*Commissioners' Court v. Medical Society,* 128 Ala. 257; *Commissioners' Court v. McCann,* 23 Ala. 595; *Van Eppes v. Commissioners'*

*Court,* 25 Ala. 460. Therefore the assignment cannot be considered.—*Worthington v. Miller,* 134 Ala. 420.

TYSON, J.—It appears from the judgment entry that respondents' demurrer to the petition was, on motion, stricken from the files. This motion, while appearing in the transcript as a part of the record of the trial court, is not incorporated in the bill of exceptions. It was not a pleading in the cause (*Meyer v. Block,* 139 Ala. 174, 35 South. 705), and therefore not properly a part of the record of the court below, and it cannot be looked to or considered by us for the purpose of determining whether properly or improperly granted.—*Jones v. Anniston,* 138 Ala. 199, 35 South. 112, and cases there cited. Speaking to this point, it was said in *Randall v. Wadsworth,* 130 Ala. 638, 31 South. 555: "The second assignment is based on the ruling of the court on motion to strike certain pleadings. Rulings on motions to strike can be presented for review on appeal only by bill of exceptions. Motions of this character are usually oral, and form no part of the record as pleadings proper, and, although reduced to writing and copied into the record, cannot be considered as forming any part of the proceedings constituting the record proper in the court below." In *Spraggins v. State,* 139 Ala. 102, 35 South. 1000, it is also said: "Pleadings and the rulings thereon should be shown by the record, and, when a motion to strike pleadings is ruled on, a bill of exceptions is proper to show the motion and that an exception was reserved to the ruling; but at the same time the record proper should show that a judgment was rendered by the court." In *Forbes v. Rogers,* 143 Ala. 208, 38 South. 843, this language is used: "The action of the trial judge in striking pleas will not be reviewed by this court, when the bill of exceptions fails to set out the motion." Quotations from other cases might be indulged in, but these will suffice. See, also, *Lynn v. Bean,* 141 Ala. 236, 37 South. 515; *Hooper v. State,* 141 Ala. 111, 37 South. 662. Furthermore, after the demurrer was stricken from the files, it was no longer a part of the record of the court below,

and could only be brought back into the record by being incorporated in the bill of exceptions; and, although in the transcript as a part of the record of that court, it is improperly there for our consideration on this appeal.— *Muller v. Ocalla F. & M. Works,* (Fla.) 38 South. 64; Elliott on Apellate Pro. § 816; 3 Ency. Pl. Pr. pp. 400, 401. So, then, we have not the demurrer or the motion before us upon which the trial judge acted. His ruling on the motion is therefore not reviewable.

After the demurrer was stricken and the declination of respondents to plead further, upon motion of relator its petition for the writ of mandamus was granted, and the writ awarded. We apprehend that it will not be gainsaid that this was error, if upon the facts alleged in the petition it appears that the relief should not have been granted. In this respect, if the facts alleged do not authorize the award of the writ, there can be no difference from a case where the complaint fails to state a substantial cause of action. In such cases it is the established rule of this court, whether a defense be interposed or not, to annul the judgment for want of jurisdiction. In other words, such a complaint will not support a judgment.—*Trott v. Birmingham Ry. Light & P. Co.,* 144 Ala. 384, 39 South. 716; *Linam v. Jones,* 134 Ala. 570, 579, 33 South. 343, and cases there collected. It is entirely clear that the relator's right to the writ sought is, and must be, predicated upon the fact that the respondents, who compose the court of county commissioners of Chilton county, as such officers, have refused to audit the claim presented to that tribunal as required by section 1416 of the code of 1896. Clearly a writ cannot be obtained for the purpose of collecting the claim, whether audited or not. If the claim was properly verified and presented, and the court refused to audit it— that is, refused to allow or disallow it—then mandamus to compel it to audit it is clearly the remedy.—*Scarbrough v. Watson,* 140 Ala. 349, 37 South. 281. But, if the court audit the claim by disallowing it, the remedy is by an action at law against the county.—§ 13, code 1896; *Scarbrough v. Watson, supra.* It appears from

the averments of the petition that the claim was presented to the respondents' predecessors in office, and that it was disallowed by the court, which disallowance was indorsed upon it, but not entered upon the minutes of the court. Upon the authority of *Crenshaw Co. v. Sikes*, 113 Ala. 626, 21 South. 135, this action of the commissioners' court was wholly ineffectual as an audit of the claim under the statute, and amounted to no action by that court upon the claim.

On the 28th day of July, 1905, this relator filed in the commissioners' court its verified petition, showing the amount of its claim and the facts out of which the supposed liability of the county arose, as fully, and perhaps more so, as did the claim originally presented, asking that court, among other things, to consider the claim, allow it, with accrued interest ,or, if disallowed, to cause an order showing the disallowance to be entered upon its minutes. In response thereto the court entered upon the minute the following order, to-wit: "Upon consideraiton of the petition of the Southern Railway Company, filed by E. S. Lyman, its agent and attorney, on the 28th day of July, 1905, it is the opinion of the court that the petitioner is not entitled to the relief sought in said petition. It is therefore ordered and adjudged by the court that the same be, and is hereby denied." It seems to us so obvious that this order of the court was a disallowance of the claim that it needs no further comment. It cannot by any sort of construction be limited in its effect and operation as a denial merely of the other prayer contained in the petition. It is an unqualified denial of all the relief sought by the petitioner, and was therefore ex necessitate a disallowance of the claim presented in and by it for audit.

What we have said is conclusive against the right of the relator to the relief it seeks; but it may not be amiss, before concluding, to call attention to the fact that the averments of the petition do not show that the taxes paid to the county, made the basis of the claim presented, were paid under legal compulsion.—*So. Ry. Co. v. Mayor and Aldermen of Florence,* 141 Ala. 493, 37 South. 844. How-

[Rose, Mayor, v. Lampley, Judge.]

ever, we need not and do not put the decision on this point.

The point is made by the appellee that the assignments of error are by the appellants as individuals. It is conceded that the appeal was properly taken in the name of the probate judge and commissioners in their official capacity. This being true, the respondents as officers are the appellants, and as appellants they assign the errors; the language employed being, "Come the appellants," etc. The point is, we think, too technical.

The judgment appealed from will be reversed, and one will be here rendered denying and dismissing the petition.

Reversed and rendered.

SIMPSON, ANDERSON, and DENSON, JJ., concur.