# Mobile County *v.* Maddox.

### Injury from Defective Bridge.

(Decided November 4, 1915. 70 South. 259.)

1. **Bridges; Duty to Repair; Counties.**—In the absence of a statute expressly creating it, there is no liability on the county for injury to persons caused by defective bridges.

[Mobile County.v. Maddox.]

2. Courts; Records; Boards of Revenue; Evidence.—Under §§ 3306, 3314, and 3321, Code 1907, the Board of Revenue of Mobile county is a court of record, and parol evidence is not admissible to evidence its acts, which can only be shown by its written record.

3. Bridges; Under Contract; Notification; Power of Board of Revenue.— Although the judge of probate is a member of the board of commissioners or of revenue, he cannot invest with validity an incomplete act of the board, or an unauthorized act of its individual members; hence, the issuance of a warrant by him without order from the board is not a ratification of an unauthorized contract for the building of a bridge.

4. Same; Record; Sufficient.—The record of the proceedings of commissioners' courts or boards of revenue showing only that certain claims in one list were passed to payment or referred to proper committees, was not sufficient to show that a claim in that list for work on a bridge was allowed so as to show ratification of an unauthorized contract for the work.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Lizzie Maddox against Mobile County for injuries received because of a defective bridge. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

SULLIVAN & STALLWORTH, for appellant. WEBB & MCALPINE, for appellee.

McCLELLAN, J.—The appellee sought to recover of the county of Mobile damages for injuries received by her in consequence of a defective or outworn highway bridge. Code, § 3038, provides: "When a bridge or causeway has been erected by contract with the county commissioners, with a guaranty, by bond or otherwise, that it shall continue safe for the passage of travelers and other persons for a stipulated time, any person injured, in person or property, before the expiration of such period, by a defect in such bridge or causeway, may sue in his own name on the bond or other guaranty, and recover damages for the injury; and if no guaranty has been taken, or the period has expired, may sue and recover damages of the county."

(1) The liability of a county for damages for injuries resulting to travelers on its highways from defective bridges is purely statutory, and without a statute imposing the liability there would be none.—Lee County v. Yarbrough, 85 Ala. 590, 5 South. 341, among others.

(2) The board of revenue of Mobile county, corresponding in nature and function to the courts of county commissioners in other counties in this state, is a court of record.—Code, §§ 3306, 3314, 3321; *Crenshaw County v. Sikes,* 113 Ala. 626, 21 South. 135. Being a court of record, the sole, exclusive source of evidence of its acts or action is an authoritative record thereof, *written,* of course.—*Crenshaw County v. Sikes, supra; Speed v. Cocke,* 57 Ala. 216. See, also, *Perryman v. Greenville,* 51 Ala. 507; *Greenville v. Greenville Water Works,* 125 Ala. 643, 27 South. 764; *City of Birmingham v. Chestnutt,* 161 Ala. 253, 257, 258, 49 South. 813. It was said in *Speed v. Cocke, supra*: "A court of record speaks only through its records. A written memorial is the only evidence which other courts can receive of its proceedings, whether it is the exercise of judicial power, or of mere ministerial authority and duty."

Treating the question whether the writ of mandamus should run to compel a judge of probate to issue a county warrant for a claim against his county, this court, in *Smith v. McCutchen,* 146 Ala. 455, 459, 460, 41 South. 619, gave emphatic expression to the reason and to the application of the principle announced in *Speed v. Cocke, supra.*

(3) A marked feature of the opinion of *Smith v. McCutchen* is that denying to the judge of probate any right, power, or authority, by his own unsupported act, to supplement, or to impart efficacy or validity to, the incomplete or deficient action of the county body. That body, as such, must exercise the power and authority conferred on, and required of, it by law; and the act of a judge of probate in issuing a warrant for a claim against the county is impotent, in any degree or in any event, to invest incomplete action of the county body with validity or legal force. Upon such an act, if it is not supported by the proper authority, viz., appropriate, certain, record-shown action of the county body on the matter, no implication of ratification by the county body can be rested, or from it derived.

(4) The liability of the county of Mobile for the injury to the plaintiff depended, in one phase, upon the conditions thereto fixed by the statute before quoted. It is asserted that the contract for the erection of the bridge in question was ratified, though not originally authorized, by the county body; there being no basis for a claim that the county body made the contract for

the erection of the bridge. The ratification of an unauthorized contract for the erection of the bridge could only be effected by the authoritative action of the county body. Under the rule that the competent acts of this county body could be alone shown by its written record, the question here is made to turn upon the efficacy to show ratification, or the matter to be quoted: "Plaintiff offers to introduce in evidence that part of Volume 15 of the Minutes of the Revenue and Road Commissioners of Mobile County, Alabama, showing the minutes of June 12, 1905, commencing on page 447, under the heading 'Calendar,' and ending at the bottom of page 452 of that record, as follows: 'Board of Revenue and Road Commissioners. June 12, 1905. State of Alabama, Mobile County. Honorable board of revenue and road commissioners, Mobile county, met at the courthouse of said county at twelve o'clock m., this 12th day of June, 1905, in regular session. The members present were William H. Holcombe, President, John T. Bauer, James Garrity, F. H. Andrews, and John Simmons.' Then goes on and recites different things that were done, and then comes to this part pertaining to this claim: 'The following claims against Mobile county were then examined and passed to payment or referred to proper committees, namely: [Naming many claims, on down to this name on page 452] W. F. Lambert, labor and teams on Chunchula bridge, $68.68.' Then at the end of that page: "The board then adjourned. W. H. Holcombe, President."

Pretermitting consideration of the possible inquiry whether ratification of such an unauthorized contract may be effected by any action of the county body, properly evidenced by its records, otherwise than by explicit confirmation of the contract itself, it is, in our opinion, clear that whether the claim for the work done by Lambert (who built the bridge under an unauthorized contract with one member only of the county body) was of those "examined and passed for payment," or was of those "referred to proper committees," is left entirely unstated in the records of the county body. It is an omission, productive of complete uncertainty, that could only have been averted (we assume for the present purpose) by an unequivocal order to pay the amount of the Lambert claim for work, etc., on the bridge in question. Parol evidence, circumstantial or positive, cannot be received to make certain that which the only source of information from this court of record has left uncertain.

[Sloss-Sheffield Steel & Iron Co. v. Stapp.]

The result is the county was due the general affirmative charge erroneously refused to it; and so upon this ground: It was not shown that the contract for this bridge was made by the county body, or that an unauthorized contract therefor was ratified by the county body. The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.