**SLAYTON & CO. OF TOLEDO, OHIO, v. WINSTON COUNTY, ALA., et al.**

Circuit Court of Appeals, Fifth Circuit.

March 16, 1928.

Rehearing Denied April 12, 1928.

No. 5199.

1. Evidence ⬅️158(17)—Sole evidence of disallowance of claim against county, or of its allowance, and probate judge's authority to issue warrant, is minutes of county commissioners' court (Code Ala. 1923, §§ 224–232, 5680, 6763).

Only permissible evidence of disallowance ·of claim against county, which must be shown to permit suit against county, under Code Ala. 1923, § 5680, or of the allowance of a claim, and of the judge of probate's authority to issue a warrant for the amount allowed, is the minutes of the court of county commissioners, under sections 224–232, 6763.

2. Counties ⬅️170(1)—Warrant on county treasurer, though duly issued, does not entitle holder to sue county thereon (Code Ala. 1923, § 5680).

Warrant on a county treasurer, duly issued after presentation and allowance of claim on which it is based, does not entitle the payee or other holder to maintain an ordinary suit thereon against the county, under Code Ala. 1923, § 5680, requiring presentation of claim to court of county commissioners and their disallowance or reduction thereof as condition to suit.

3. Counties ⬅️170(1)—Remedy of holder of county warrant is by suit on treasurer's bond, or mandamus to compel levy and collection of necessary taxes (Code Ala. 1923, §§ 224–232, 5680, 6763).

Remedy of holder of county warrant for county's nonpayment thereof is by suit against county treasurer on his official bond, if he has funds which may be applied to payment of warrant and refuses to pay it, or by mandamus to compel exercise of power of court of county commissioners to levy and collect tax, in case there are no funds, under Code Ala. 1923, §§ 224–232, 5680, 6763.

4. Estoppel ⬅️62(3)—County cannot be bound by county official's certificate of genuineness of fictitious order allowing claim (Code Ala. 1923, §§ 224–232, 5680, 6763).

Under Code Ala. 1923, §§ 224–232, 5680, 6763, requiring that allowance of claim against county be shown by minutes of court of county commissioners, county cannot be bound by statement of a county official that a claim was allowed, or by such official's certificate of the genuineness of a purported, but nonexisting, order of the court of county commissioners allowing the claim.

5. Counties ⬅️165—County held not liable to holders of purported warrants, issued on fictitious order of commissioners allowing claim and certificate of probate judge (Code Ala. 1923, §§ 224–232, 5680, 6763).

Where alleged county warrants for road work, issued on certificate of probate judge as to allowance of claim by court of county commissioners, were not in fact authorized by order of county commissioners, and no fund was shown to exist derived from special tax to pay the face of the warrants, holders of warrants were not entitled to recover thereon in suit against county, under Code Ala. 1923, §§ 224–232, 5680, 6763, which makes presentation of claim to commissioners and disallowance or reduction thereof by them condition precedent to suit, and county was not estopped by virtue of alleged misrepresentations and suppressions of facts as to fictitious order of commissioners.

6. Counties ⬅️197—Holders of purported county warrants, in asserting claim against county otherwise than as holders, were required to present claims to commissioners (Code Ala. 1923, §§ 224–232, 5680, 6763).

Holders of instruments purporting to be warrants drawn on county treasurer, if they had valid claim against county, otherwise than as holders of warrants, were required to present claims to court of county commissioners, under Code Ala. 1923, §§ 224–232, 5680, 6763.

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Suit by W. L. Slayton & Co. of Toledo, Ohio, against Winston County, Ala., and others. From a decree dismissing complainant's amended bill, complainant appeals. Modified and affirmed.

G. W. L. Smith, of Brewton, Ala., John S. Stone, of Birmingham, Ala., and Lewis R. Graham, of New Orleans, La. (McClellan & Stone, of Birmingham, Ala., on the brief), for appellant.

Oliver D. Street, of Guntersville, Ala., Arthur Fite, of Jasper, Ala., and Z. McVay, of Double Springs, Ala. (O. D. Street & Son, of Birmingham, Ala., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appeal is from a decree dismissing an amended bill in equity filed by appellant against the appellee, Winston county, Alabama, and others. That pleading alleged appellant's ownership of sundry instruments, each signed by John S. Curtis, judge of probate of said county, and purporting to be an order or warrant directing the treasurer of that county to pay a stated sum, with interest thereon, to Hall & Brown, their assigns, or bearer, each containing recitals, including one to the effect that the claim evidenced by the instrument had been audited and allowed by the court of county commissioners of said county; that each of said instruments was issued pursuant to an order of said court of county commissioners; and that there then was in the treasury of Winston county more than $3,000,

proceeds of a special tax, upon which appellant, by virtue of the registration of said instruments, has a lien enforceable in its favor. The amended bill prayed that appellant's lien on the alleged special tax fund be enforced, that the disbursement of any of that fund be enjoined, except under orders of the court, and for general relief.

Allegations of the amended bill, including those as to said instruments having been issued pursuant to orders of said commissioners' court, and as to the existence of a fund derived from a special tax, and a lien on such fund enforceable in favor of appellant, were put in issue. The appellant assigned as errors the making by the court of a decree dated April 3, 1925, and the rendition of the decree dismissing the amended bill. The decree of April 3, 1925, was to the effect that unless the plaintiff (appellant here) shall amend its bill within 10 days from the enrollment of that decree, so as to strike out averments of the sixteenth and seventeenth paragraphs of that bill, or so as to set forth sufficient averments to warrant affirmative relief, or to constitute a legal reply to any legal defense asserted to the cause of action set forth in said bill, the said bill shall be dismissed.

The allegations of said sixteenth and seventeenth paragraphs were to the following effect: Appellant's claims sued on are enforceable in equity against Winston county under the law of estoppel, though what was done by officials and agents of that county to obtain money on the instruments sued on was done contrary to the forms of law, and if said instruments were not legally issued, and nonexistent orders by the court of county commissioners purporting to authorize the issue of those instruments were falsely certified to by the judge of probate of that county, that county was liable thereon because of alleged frauds, misrepresentations, and suppressions of facts by its officers and agents, whereby appellant was induced to purchase those instruments as valid obligations of said county.

Evidence adduced justified findings to the following effect: The record of the commissioners' court of Winston county does not show the presentation to that tribunal or the allowance or disallowance by it of the claim purporting to be evidenced by any of the above-mentioned instruments, and such claims were not presented to or acted on by that tribunal. At the time this suit was brought, and when the amended bill was filed, there was in existence no fund derived from a special tax levied to pay the whole or part of the sums called for by those instruments or any of them. Several years before this suit was brought a public road was built in Winston county by Hall & Brown, contractors, under an instrument signed by them and by John B. Curtis, who was judge of probate of that county when that instrument was signed and when that road was constructed. The execution of that instrument was not authorized by an order of said commissioners' court. Members of that tribunal knew of Hall & Brown doing that road work at the time it was done, and that the work was done under a contract made by Curtis and the contractors. The evidence did not show the reasonable value of such road work. Curtis, as judge of probate, certified to instruments purporting to be copies of orders of said court of county commissioners, authorizing the issue by him of warrants on the county treasurer for the several amounts called for by the above-mentioned instruments purporting to be warrants on the county treasurer. Appellant bought such instruments on the faith of what purported to be transcripts of proceedings of the court of county commissioners of Winston county, certified by Curtis as judge of probate, showing that those instruments were executed pursuant to orders made by the court of county commissioners of Winston and entered on the record of that court.

[1–3] Alabama statutes, as construed by the Supreme Court of that state, are to the following effect: A county is not subject to be sued on a claim against it, not fixed by statute, until the claim has been presented to the court of county commissioners and disallowed or reduced by the court. Code of Alabama 1923, § 5680; Schroeder v. Colbert County, 66 Ala. 137; Shinbone v. Randolph County, 56 Ala. 183; Commissioners' Court v. State, 146 Ala. 439.[1] The only permissible evidence of the disallowance of a claim against a county, or of its allowance and of the judge of probate's authority to issue a warrant for the amount allowed, is the minutes of the court of county commissioners. Code of Alabama 1923, §§ 224–232, 6763; Crenshaw County v. Sikes, 113 Ala. 656, 21 So. 135; Smith v. McCutchen, Judge, 146 Ala. 455, 41 So. 619; Crenshaw County v. Sikes, 113 Ala. 626, 21 So. 135; Mobile County v. Maddox, 195 Ala. 336, 70 So. 259. A warrant on a county treasurer, duly issued after presentation and allowance of the claim upon which it is based, does not entitle the payee or other holder of the warrant to maintain an ordinary suit thereon against the

[1] 41 So. 463.

county. The payee's remedies are to sue the county treasurer on his official bond, if he has funds lawfully applicable to the payment of the warrant and refuses to pay it, and if there are no such funds, and the court of county commissioners is authorized by law to levy and collect a tax to raise such funds, to apply for mandamus to compel the exercise of that power. Savage v. Mathews, 98 Ala. 535, 13 So. 328.

[4] As the Alabama statute requires the allowance of a claim against a county to be shown by a public record, where the public record shows no such allowance, a county cannot be bound by a statement of a county official that the claim was allowed, or by such official's certificate of the genuineness of a purported, but nonexisting, order of the court of county commissioners allowing such claim. Sutliff v. Lake County, 147 U. S. 230, 13 S. Ct. 318, 37 L. Ed. 145; Lake County v. Graham, 130 U. S. 674, 681, 9 S. Ct. 654, 32 L. Ed. 1065; Dixon County v. Field, 111 U. S. 83, 93, 4 S. Ct. 315, 28 L. Ed. 360.

[5] Even if the allegations of paragraphs 16 and 17, referred to in the court's decree of April 3, 1925, showed the existence of a valid claim against the county, it was a condition precedent to the existence of a right to sue the county at law or equity on that claim that it be presented to and disallowed by the court of county commissioners. Those allegations, unaccompanied by any allegation that a claim against the county based on the facts alleged had been presented to and disallowed by the court of county commissioners, showed no right of action in law or equity in favor of the appellant against Winston county. It follows that the court's decree of April 3, 1925, involved no reversible error.

The right to equitable relief under the appellant's amended bill was dependent upon its allegations to the effect that the above-mentioned instruments purporting to be warrants directed to the county treasurer of Winston county were issued pursuant to orders of the court of county commissioners of that county, and as to the existence of funds derived from a special tax and of a lien on such funds enforceable in favor of the appellant. The court did not err in denying that relief because the evidence adduced warranted findings that the issue of none of such instruments was authorized by an order of the court of county commissioners of Winston county, and that there was in existence no fund derived from a special tax levied to pay the whole or a part of the sums stated in such instruments or any of them.

[6] If the appellant had a valid claim against Winston county, based on facts other than the fact of its being the owner or holder of the alleged instruments purporting to be warrants drawn on the county treasurer of Winston county, that claim is not enforceable in this suit, because it has not been presented to the court of county commissioners of that county and disallowed in whole or in part by that tribunal.

We conclude that, under the evidence adduced, the appellant was not entitled to legal or equitable relief against any party sued, and that the court did not err in dismissing the bill. The decree is modified, by making the dismissal of the bill without prejudice to the right of the appellant to assert in a way allowed by law any claim against Winston county based on facts other than the fact of appellant being the holder of the above-mentioned instruments purporting to be warrants on the county treasurer of Winston county. As so modified, the decree is affirmed, with costs against the appellant.

Modified and affirmed.